## Flood Damage Insurance

KANE, *Attorney General*, April 11, 1975—You have requested an opinion as to the measure of damages that a flood victim is entitled to under article VI of the Eminent Domain Code (code). More specifically, your inquiry is directed to the question of whether or not under section 602 of the code (Act of June 22, 1964, Sp. Sess., P.L. 84, 26 PS §1-602), the proceeds received from flood insurance on real property are to be deducted from the pre-flood value of the property that is being acquired. It is our opinion, and you are so advised, that the pre-flood value of the property being acquired is reduced by any compensation or reimbursement, including flood insurance, that the flood victim receives for actual physical damage to his real property, except to the extent that such compensation or reimbursement, or a portion thereof, is used to restore the damage caused by the flood to the real property.

Article VI of the code (26 PS §§1-601, et seq.) provides in general terms that a condemnee is entitled to just compensation for the taking, injury or destruction of his property. Section 602 (26 PS §1-

602) sets forth the formula that is used to determine the measure of just compensation, as follows:

"(a) Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of this property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

". . .

"(c) In case of the condemnation of property in connection with any program or project which property is damaged by floods, the damage resulting therefrom shall be excluded in determining fair market value of the condemnee's entire property interest therein immediately before the condemnation.

". . .

"(e) Subsections (c) and (d) are applicable only where the flood damage has occurred within three years prior to the initiation of negotiations for or notice of intent to acquire or order to vacate the property and during the ownership of the property by the condemnee. *The flood damage to be excluded shall include only actual physical damage to the property for which the condemnee has not received any compensation or reimbursement.*" (Emphasis added.)

Thus, in the case of property damaged by flood, the condemnee is entitled to the pre-flood value of his property less any compensation or reimbursement received by the condemnee for actual physical damage to the property. For example, if a $30,000. home is damaged by flood waters, the ac-

quiring authority, under section 602 of the code, would pay the flood victim the pre-flood value of the property ($30,000.) provided that the owner has not received any compensation or reimbursement for the flood damage. However, if it is assumed that the flood victim has received $9,000. in flood insurance, then the acquiring authority would pay him the pre-flood value of the property ($30,000.) less the amount of the insurance ($9,000.) or a total of $21,000., provided that he has not used the insurance or any portion thereof to make repairs to his real property.

In the case of a property owner who has used his insurance money to repair the flood damage to his real property and has thereby put such money into the property, the compensation he has received in the form of insurance is not used to reduce the pre-flood value of the property. This means that in the previous example, if the owner of the property had used his insurance proceeds to make $9,000. worth of repairs to his real property, the condemning authority would pay him $30,000., the pre-flood value, without any reduction for the insurance proceeds.

This result is derived from the obvious legislative intent in enacting section 602 of the code which is to provide the owner of the condemned property with the same amount of money with which to buy a new property that he would have received if there had been no flood. If he were required to deduct the proceeds received from his real property insurance from the pre-flood value, when he has used the insurance proceeds to repair the flood damage, he would not be in the same position as he would have been had there not been a flood. Thus, in the prior example, he would only have $21,000. to purchase

a new property, whereas he would have received $30,000. had there not been a flood.

In light of this clear legislative intent, the underlined portion of subsection (e) above must be taken to mean "compensation or reimbursement" that has not been put back in the property, i.e., compensation or reimbursement that can be used for the purchase of another property, so that the compensation or reimbursement, when added to the reduced pre-flood value of the property, will provide the owner with the equivalent of its pre-flood value. In the example above, should the owner have received $9,000. from his real property insurance but only have used $4,000. of this amount to make repairs to the real property, the difference of $5,000. would be deducted from the pre-flood value of the property and the owner would receive $25,000. from the condemning authority. This amount, when added to the insurance proceeds that have not been used to repair the property, will give him the equivalent of the pre-flood value of the property with which to purchase a new property.

In view of the foregoing, it is our opinion that proceeds received from flood insurance on real property are to be deducted from the pre-flood value of property being acquired by the condemning authority except to the extent that they are used to make repairs to the flood damaged property.

You are further advised that a state grant or a Small Business Administration forgiveness loan, or any portion thereof, which a flood victim receives on account of loss caused by a flood to real property, is considered "compensation or reimbursement" within the meaning of section 602(e) and should be calculated as part of the just compensation to which a condemnee is entitled in the same manner as flood insurance proceeds.